NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NICHELLE HAYNES,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2023-2310

---

Petition for review of the Merit Systems Protection Board in No. AT-844E-21-0553-I-1.

---

Decided:  April 11, 2024

---

NICHELLE HAYNES, Phenix City, AL, pro se.

ELIZABETH MARIE DURFEE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ALBERT S. IAROSSI, PATRICIA M. MCCARTHY.

---

Before CHEN, HUGHES, and STARK, *Circuit Judges*.

PER CURIAM.

Nichelle Haynes appeals a decision of the Merit Systems Protection Board (Board) that affirmed a decision by the Office of Personnel Management (OPM) denying her application for disability retirement under the Federal Employees' Retirement System (FERS).  For the reasons discussed below, we *affirm*.

## BACKGROUND

Ms. Haynes worked for the Department of Veterans Affairs (VA) from December 13, 2015 until April 26, 2019 and from June 23, 2019 until her resignation, effective July 21, 2020.  At the time of her resignation, Ms. Haynes was an Advanced Medical Support Assistant with the Atlanta VA Health Care System.  Her duties included "scheduling patient appointments, tracking, reviewing, and responding to electronic orders, consults, and other elements in the electronic medical record and medical systems." Appx. 2–3 (internal quotation marks and citation omitted).[1]

On September 5, 2020, Ms. Haynes applied for disability retirement under FERS based on the following conditions:  post-traumatic stress disorder (PTSD), military sexual trauma (MST), retinitis pigmentosa, disc degenerative disease, sinusitis, bursitis hip pain, and chronic left knee pain.  In her application, Ms. Haynes asserted that her conditions prevented her from sitting or standing for long periods of time, impaired her vision, and caused traumatic flashbacks.

On April 23, 2021, OPM issued an initial decision denying Ms. Haynes's application, finding that she did not meet the criteria for entitlement to FERS disability retirement

---

[1] "Appx." refers to the appendix filed with the government's informal brief.

benefits. Ms. Haynes requested reconsideration of OPM's initial decision, and OPM affirmed.

Ms. Haynes then appealed to the Board. On November 29, 2021, an administrative judge of the Board affirmed OPM's decision. The administrative judge determined that Ms. Haynes had not shown that she more likely than not had a deficiency in her performance, conduct, or attendance due to a disability, as required to receive FERS benefits. The Board subsequently denied Ms. Haynes's petition for review of the AJ's initial decision.

Ms. Haynes timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

This court's scope of review for Board decisions is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

The scope of our review of Board decisions is further restricted in cases involving FERS disability retirement benefits. *See* 5 U.S.C. § 8461(d) (providing that OPM's decisions on questions of disability and dependency "are final and conclusive and are not subject to review").[2] In such

---

[2] The only exception to this rule appears in 5 U.S.C. § 8461(e)(2), which provides that a disability retirement decision of the Board based on the mental condition of an involuntarily retired employee (i.e., when the disability retirement application is made "by an agency" rather than the employee) is reviewed under 5 U.S.C. § 7703. Because

cases, we may not review "OPM's factual findings and conclusions on disability." *Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 624–25 (Fed. Cir. 1995) (holding that we may not review the Board's factual findings that appellant had not proven that he was unable to perform the duties of his position). We may, however, "address whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Id.* at 626 (internal quotations marks omitted) (citing *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 791 (1985)).

On appeal, Ms. Haynes contends that the Board did not properly account for the mental anguish she experienced in conjunction with her PTSD and MST, which were exacerbated when she was physically assaulted on the job. Ms. Haynes asks this court to consider that she is a combat veteran with PTSD and alleges that she would not have resigned had she not been physically assaulted and emotionally abused on the job.

While we are sympathetic to Ms. Haynes, these constitute the "factual findings and conclusions on disability" that we are prohibited from reviewing. *Anthony*, 58 F.3d at 625. Indeed, the Board considered the evidentiary record and concluded that Ms. Haynes's evidence failed to show that her medical conditions caused deficiencies in her performance, attendance, or conduct. For example, the Board considered a letter and session notes from Ms. Haynes's psychologist, the appellant's 2020 performance appraisal, a written statement by the appellant's supervisor, and other medical assessments in the record to conclude that Ms. Haynes failed to establish that her medical conditions were disabling for the purposes of FERS

Ms. Haynes's application for disability retirement was made voluntarily, this exception does not apply.

benefit entitlement. Because these are findings of fact that are outside the scope of our review, we cannot set aside the Board's disability determinations.

Furthermore, although we have considered Ms. Haynes's other arguments regarding the Board's conclusion, we have identified no "procedural, legal or other fundamental error," *Anthony*, 58 F.3d at 626, that would result in setting aside the Board's decision.

## CONCLUSION

We have considered Ms. Haynes's remaining arguments and find them unpersuasive. For the reasons above, we *affirm* the Board's decision.

## **AFFIRMED**

### COSTS

No costs.